(91 Misc. Rep. 137)

BROADWAY REALTY CO. v. LAWYERS' TITLE INS. & TRUST CO. et al.

(Supreme Court, Trial Term, New York County. June, 1915.)

1. INSURANCE ⬸146—POLICY—CONSTRUCTION.

In construing the terms of an insurance policy, where the meaning of the language is doubtful, the construction more favorable to the assured must be adopted.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 294–298; Dec. Dig. ⬸146.]

2. INSURANCE ⬸426½—TITLE INSURANCE—WHEN TITLE UNMARKETABLE.

A policy insured against unmarketability of title to real estate described by metes and bounds and of a building being erected thereon, which premises were stated to be those on which the building stood as shown on a survey, a duplicate of which was annexed. The survey mentioned showed no encroachment on the street, but the building actually encroached to such an extent that the agreed cost of removing it was over $16,000. *Held*, that the title was unmarketable, because of the encroachment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1131; Dec. Dig. ⬸426½.]

Action by the Broadway Realty Company against the Lawyers' Title Insurance & Trust Company and another. On motion to set aside verdict for plaintiff. Motion denied.

Masten & Nichols, of New York City (Frederick Moses and H. Bartow Farr, both of New York City, of counsel), for plaintiff.

Dean, Tracy & McBarron, of New York City (D. B. Odgen, of New York City, of counsel), for defendant Lawyers' Title Ins. & Trust Co.

Krauthoff, Harmon & Mathewson, of New York City, for defendant United States Mortgage & Trust Co.

FORD, J. [1] No question is presented upon this motion, except the construction of an insurance policy, which is in the customary unilateral form. It follows that the usual rule applies, requiring, in case of doubtful meaning of the language employed, that the construction the more favorable to the assured must be adopted.

[2] The policy insures against the unmarketability of the title to the plot of land therein described by metes and bounds, "and also the building now being erected on said premises, known as the Bowling Green Offices." The next paragraph of the policy adds:

"The land, the title to which is hereby intended to be insured, being that on which said building now stands, as shown on the survey of Francis W. Ford, dated February 27, 1897, a duplicate of which survey is hereto annexed."

The survey mentioned shows no encroachment on Broadway. The building as erected at the time the policy took effect did so encroach to such extent that the actual agreed cost of removing the encroachments was $16,794.35. This, in my opinion, rendered the title unmarketable. Acme Realty Co. v. Schinasi, 154 App. Div. 397, 139 N. Y. Supp. 266. It would seem to be the fair intendment of the two clauses quoted from the policy, when taken together and force and effect given to both, to insure against unmarketability arising from the encroachments.

The motion to set aside the verdict will be denied.

Motion denied.